**FILED**

**October 13, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Arthur Deras,**
**Plaintiff Below, Petitioner**

**vs.)   No. 20-0946** (Mercer County 20-C-AP-10)

**Prime Capitol Properties,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Self-represented petitioner Arthur Deras appeals the October 26, 2020, order of the Circuit Court of Mercer County awarding Respondent Prime Capitol Properties $479.48 for damages to its rental property. Respondent, by counsel John W. Feuchtenberger, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal.[1] The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2017, the parties executed a lease pursuant to which petitioner rented property at 133 Rylee Place in Mercer County. Petitioner paid respondent a security deposit in the amount of $675. The lease provided that respondent

> may deduct charges from the security deposit for: Unpaid or accelerated rent, late charges; unpaid utilities; cost of cleaning; deodorizing and/or repairing the property and its contents for which tenant is responsible, pet violation charges, replacing unreturned keys, the removal of unauthorized locks or fixtures installed by tenant, insufficient light bulbs, packing, removing and storage of abandoned property,

---

[1]We note that we acknowledged receipt of petitioner's supplemental appendix by order entered on June 14, 2021.

1

removing abandoned or illegally parked vehicles, cost of re-letting, attorney fees and costs of court incurred in any proceeding against tenant, any utilities charges to landlord, and any other items as necessary.

In an addendum, the lease further provided, in pertinent part, that "[t]ransferring utilities out of your [tenant's] name early at the end of your tenancy will . . . result in a charge of $25 per day plus actual utility costs."

In the lease's "damages to premises" provision, petitioner agreed that he may be held

responsible for any damages done to premises, even damages caused by others such as my guests, other occupants or roommates, and the amount may exceed the amount I have paid as a damage deposit. I understand that any damages that occur during my tenancy may require that I replenish my security deposit in the original amount.

Petitioner further agreed to the "minimum cleaning charge schedule" set forth in the lease.[2]

Following one one-year renewal in 2018, petitioner's lease of the property terminated in August of 2019. Based upon a post-termination inspection of the property, respondent found damages to the property totaling approximately $1,890.26. Respondent reduced the damages amount to $1,607.26 due to its property manager's self-installation of a replacement bathroom mirror. Thereafter, the parties disputed whether petitioner was entitled to the refund of his $675 security deposit, whether respondent properly charged petitioner with certain costs in its itemization of damages, and whether respondent timely delivered its itemization of damages to petitioner for his review.

In February of 2020, petitioner filed a civil action in the Magistrate Court of Mercer County to recover the $675 security deposit which he alleged was being wrongfully withheld by respondent. Respondent filed an answer, stating that petitioner was not entitled to the refund of the security deposit, and a counterclaim for the $1,607.26 it claimed for damages to the property. Following a bench trial, the magistrate court denied petitioner's claim to be refunded the security deposit and awarded respondent $1,500 on its claim for damages.

Petitioner appealed the magistrate court's judgment to the Circuit Court of Mercer County, which held a trial de novo on September 8, 2020. Based on the evidence presented by the parties, the circuit court found that respondent failed to timely deliver the itemization of damages to petitioner as required by West Virginia Code § 37-6A-2.[3] However, the circuit court determined

---

[2]Our recitation of the lease's various provisions, addendums, and schedules is based on the findings set forth in the circuit court's October 26, 2020, order. The lease is not in the appellate record, and petitioner does not dispute the circuit court's findings regarding the lease's contents.

[3]Petitioner alleged that respondent failed to deliver the itemization of damages within "the (continued . . .)

that petitioner was not entitled to damages for respondent's violation of West Virginia Code § 37-6A-2 due to an additional finding it made. Pursuant to West Virginia Code § 37-6A-5(a),[4] the circuit court found that the evidence at trial showed that respondent's noncompliance with West Virginia Code § 37-6A-2 was not "willful or not in good faith" due to (1) respondent's posting of the itemization of damages on its online portal for use by tenants; (2) respondent's attempt to obtain a forwarding address for petitioner and petitioner's refusal to provide one; and (3) respondent's lack of familiarity with the requirements of West Virginia Code § 37-6A-2.

With regard to respondent's claim for damages to the property, the circuit court found that

---

applicable notice period" as required by West Virginia Code § 37-6A-2(a). Pursuant to West Virginia Code § 37-6A-1(7), the circuit court found the "applicable notice period" in this case was within sixty days of the termination of petitioner's tenancy.

Petitioner further alleged that respondent failed to satisfy the requirements of West Virginia Code § 37-6A-2(g) which provides as follows:

(g) For the purposes of this section, the delivery to a tenant of a security deposit and/or any notice prescribed by this section, may be accomplished by either personal delivery to the tenant, or by mailing the deposit and/or notice to the tenant's last known address or forwarding address as provided by the tenant. It shall be the responsibility of the tenant to provide an accurate address to the landlord. If personal delivery is not reasonably possible and a deposit or notice mailed to the tenant at his or her last known address or forwarding address provided is returned as non-deliverable, then the landlord shall hold the deposit or notice for the period of six months, to be personally delivered to the tenant, or his or her authorized agent or attorney, at the landlord's place of business during normal business hours within seventy-two hours after a written request is received from the tenant.

[4]West Virginia Code § 37-6A-5(a) provides as follows:

(a) If a landlord fails to comply with any of the provisions of this article, and such noncompliance is willful or not in good faith, the tenant is entitled to a judgment for:

(1) The amount of any unreturned security deposit; and

(2) Damages for annoyance or inconvenience resulting from the landlord's nonconformance equal to one and a half times the amount wrongfully withheld, unless the tenant owes rent to the landlord, in which case, the court shall order an amount equal to any amount awarded to the tenant pursuant to this subsection to be credited against any rent due to the landlord.

3

[d]uring the bench trial, the [p]arties entered an exhibit of itemized damages assessed to [petitioner's] account. [citation to the record omitted] [Respondent] corroborated these damages, labor, and remedies by the testimony of its representative. [Petitioner] admitted that he broke the bathroom mirror[,] and [petitioner] admitted that the pictures of the premises submitted by [respondent] were accurate. Further, [petitioner] did not deny that he breached the [l]ease by transferring the utilities out of his name prior to the end of the term of [the] tenancy.

Accordingly, "after considering all the evidence presented" at trial, the court found that petitioner was responsible for damages to the property in the total amount of $1,154.48, as follows: (1) $225 for taking utilities out of petitioner's name for the period of August 23, 2019, to August 31, 2019, at $25 per day; (2) $157.50 for seven days of repairs at $22.50 per day; (3) $35 for shower cleaning; (4) $25 for the inspection/documentation of shower, bathtub, bathtub glass, and sink; (5) $25 for the removal of old cooler/hot sauce mess; (6) $125.14 for the installation of a faucet; and (7) $561.84 for the replacement of the bathroom mirror. The circuit court credited petitioner with $675, the amount of his security deposit, and awarded respondent $479.48 for damages to the property.

Petitioner now appeals the circuit court's October 26, 2020, order entered following the trial de novo. We apply the following standard for reviewing an order entered after a bench trial:

In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996). "On an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner raises ten issues, but acknowledges that he failed to present his allegations of harassment against respondent's property manager to the circuit court. In at least four other assignments of error, petitioner raises various purported violations of the Residential Rental Security Deposits Act, W. Va. Code § 37-6A-1 to -6. However, it is clear from the October 26, 2020, order under appeal that the circuit court believed that the only alleged statutory violation before it involved West Virginia Code § 37-6A-2. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that petitioner's "argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." "To preserve an issue for appellate review, a party must articulate it with such

sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996). "'One of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result' in the imposition of a procedural bar to an appeal of that issue." *State v. Miller*, 194 W. Va. 3, 17, 459 S.E.2d 114, 128 (1995) (citation omitted); *see State v. J.S.*, 233 W. Va. 198, 207, 757 S.E.2d 622, 631 (2014) (finding that "[t]he failure to timely raise the issue below has resulted in waiver of the matter in this appeal"). Finally, in *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994), we found that we must "take as non[-]existing all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim."

Here, while petitioner raises ten assignments of error, we find that his "two most pertinent issues" correspond to the first two issues addressed by the circuit court in its order: (1) whether respondent violated West Virginia Code § 37-6A-2; and (2) whether respondent's violation of West Virginia Code § 37-6A-2 was not "willful or not in good faith" pursuant to West Virginia Code § 37-6A-5(a). Due to petitioner's failure to include the complete transcript of the September 8, 2020, trial in the appellate record, we have no method of evaluating which issues petitioner did or did not raise before the circuit court. Therefore, we limit our review in this appeal to the issues addressed by the circuit court in its order.

As to whether respondent violated West Virginia Code § 37-6A-2 and whether it was not "willful or not in good faith," petitioner argues that the circuit court ruled, as a matter of law, that e-mail communication was invalid "for legal/business matters" in an attempt to persuade this Court to review the circuit court's findings de novo. Based upon our review of the circuit court's order, we find that the circuit court made no such ruling. Rather, in determining the willfulness of respondent's statutory violation, the circuit court found that the parties disputed the method of delivery for respondent's itemization of damages. The circuit court further found that "the evidence demonstrated that [respondent] attempted to obtain a forwarding address from [petitioner]," but that petitioner "refused to provide [respondent] with a forwarding mailing address and persisted on [respondent] delivering the notice to [petitioner] via e[-]mail." Those are factual findings—not legal determinations.

Pursuant to Syllabus Point 1 of *Public Citizen*, we review factual findings for clear error. 198 W. Va. at 331, 480 S.E.2d at 540. The circuit court's findings regarding the parties' dispute as to the manner by which respondent should deliver the itemization of damages are among several findings the circuit court made to support its ultimate determination that, while respondent violated West Virginia Code § 37-6A-2, its violation was not "willful or not in good faith." Petitioner argues that the circuit court's findings constituted clear error. Respondent counters that the circuit court's findings were not clearly erroneous. We agree with respondent.

"An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Rule 52(a) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that, when a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be

5

given to the opportunity of the trial court to judge the credibility of the witnesses." Here, petitioner includes excerpts from the trial transcript to support his arguments that respondent's property manager testified falsely and/or made admissions in support of petitioner's case. Based upon our review of the excerpts—mindful that petitioner failed to include the complete trial transcript in the appellate record—we find no reason to disturb the circuit court's finding that, while respondent violated West Virginia Code § 37-6A-2, its violation was not "willful or not in good faith" pursuant to West Virginia Code § 37-6A-5(a).

With regard to respondent's claim for damages to the property, the circuit court found that the itemization of damages admitted at trial was submitted by both parties and that petitioner did not dispute that he broke the bathroom mirror and breached the lease by transferring the utilities out of his name prior to the end of the lease term. The circuit court further found that petitioner admitted that respondent's photos of the property were accurate. Pursuant to *Honaker*, because the appellate record does not contain those portions of the trial transcript on which the circuit court based these findings, we have no reason to say that they are clearly erroneous. Furthermore, petitioner does not challenge the circuit court's calculation of respondent's damages beyond his argument that respondent's violation of West Virginia Code § 37-6A-2 was willful—entitling petitioner to damages pursuant to West Virginia Code § 37-6A-5(a)—which argument we have already rejected. Nonetheless, we have reviewed the circuit court's damage calculation, and we find that it was not erroneous based upon the record before us. Therefore, we conclude that the circuit court properly awarded respondent $479.48 in damages.

For the foregoing reasons, we affirm the circuit court's October 26, 2020, order.

Affirmed.

**ISSUED:** October 13, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

6